IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MARIO PIGEE,**

**Petitioner,**

**v.**

                                                 Civil Case No. 13-cv-1155-DRH
                                                 Criminal Case No. 12-cr-30106-DRH

**UNITED STATES OF AMERICA,**

**Respondent.**

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

      Before the Court is the government's motion to dismiss petitioner Mario Pigee's § 2255 petition as untimely (Doc. 9). 28 U.S.C. § 2255(f) imposes a one year period of limitations upon the filing of a motion attacking a sentence imposed under federal law. This period generally begins to run on the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). The government notes the Court entered Pigee's criminal judgment on October 26, 2012 (Cr. Doc. 43). The government believes Pigee's judgment became "final" on this date.

      Although the Seventh Circuit has not, to this Court's knowledge, explicitly addressed the issue, the overwhelming majority of authority has held that when a petitioner fails to file a notice of appeal, his judgment becomes final on the date

the time to file a notice of appeal has expired. *See Kapral v. United States,* 166 F.3d 565, 577 (3d Cir. 1999); *Sanchez–Castellano v. United States,* 358 F.3d 424, 427–28 (6th Cir. 2004); *Moshier v. United States,* 402 F.3d 116, 118 (2d Cir. 2005); *Anjulo–Lopez v. United States,* 541 F.3d 814, 816 n. 2 (8th Cir. 2008); *Murphy v. United States,* 634 F.3d 1303, 1308 (11th Cir. 2011); *United States v. McGaughy,* 670 F.3d 1149, 1152 n. 2 (10th Cir. 2012); *United States v. Scruggs,* 691 F.3d 660, 669 (5th Cir. 2012); *contra United States v. Sanders,* 247 F.3d 139, 142 (4th Cir. 2001).

Pigee did not appeal his criminal judgment. Thus, his criminal judgment, entered on October 26, 2012, became final 14 days after its entry. *See* Fed. R. App. P. 4(b). The government offers an affidavit in support of its allegation that Pigee sent his § 2255 petition on October 29, 2013. Assuming the truth of this allegation, Pigee's § 2255 petition is timely. Thus, the government's motion is **DENIED** (Doc. 9). The government's response to Pigee's § 2255 petition is due by January 27, 2014. On a final note, in response to the allegation that Pigee "back-dated" his petition and therefore lied to the Court, Pigee is cautioned that another attempt to defraud the Court shall result in dismissal of this action without further notice.

**IT IS SO ORDERED.**

Signed this 15th day of January, 2014.

Digitally signed by
David R. Herndon
Date: 2014.01.15
16:26:33 -06'00'

**Chief Judge
United States District Judge**