IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARIO PIGEE,

Petitioner,

v.

Civil Case No. 13-cv-1155-DRH
Criminal Case No. 12-cr-30106-DRH

UNITED STATES OF AMERICA,

Respondent.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### I. Introduction

This matter is before the Court on petitioner Mario Pigee's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 (Doc. 1). In his § 2255 petition, Pigee brings two grounds for relied alleging ineffective assistance of counsel. The government filed its response in opposition of Pigee's § 2255 petition (Doc. 13). For the following reasons, petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) and motion for hearing (Doc. 19) are denied.

### II. Background

Petitioner Mario Pigee, pled guilty to distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), on July 5, 2012, pursuant to a plea

agreement (*United States v. Pigee*, 12-cr-30106-DRH[1], (Doc. 24)). At the sentencing hearing on October 26, 2012, the Court determined that Petitioner was a career offender under § 4B1.1 of the United States Sentencing Guidelines and sentenced him to 151 months' imprisonment (Cr. Doc. 43). Petitioner was represented by Assistant Federal Public Defender Melissa Day leading up to and during the time of his sentencing. Pigee did not attempt to appeal his conviction and sentence.

Pigee then filed a collateral attack on his sentence pursuant to 28 U.S.C. § 2255, in which he raises various claims of ineffective assistance of counsel. Specifically, he alleges that his trial counsel did not properly challenge his status as a career offender and his enhanced sentence resulting from that career offender classification. Additionally, Pigee filed a separate motion requesting a hearing on the matter (Doc. 19).

### III. Law

A prisoner may move to vacate, set aside or correct his sentence if he claims "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

"[R]elief under § 2255 is an extraordinary remedy because it asks the district court to essentially reopen the criminal process to a person who already

---

[1] Further reference to Pigee's criminal docket in this order will include "Cr. Doc." prior to the document number to differential from his civil habeas case filings.

has had an opportunity for full process." *Almonacid v. United States,* 476 F.3d 518, 521 (7th Cir. 2007). Thus, relief under Section 2255 is "reserved for extraordinary situations," *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993)), and "is available when a 'sentence was imposed in violation of the Constitution or laws of the United States,' the court lacked jurisdiction, the sentence was greater than the maximum allowed by law, or it is otherwise subject to collateral attack." *Torzala v. United States*, 545 F.3d 517, 521 (7th Cir. 2008)(quoting 28 U.S.C. § 2255).

Unless a movant demonstrates changed circumstances in fact or law, he may not raise issues already decided or waived on direct appeal. *Olmstead v. United States,* 55 F.3d 316, 319 (7th Cir. 1995). A petitioner cannot raise constitutional issues that he could have, but did not directly appeal, unless he shows good cause for, and actual prejudice from, his failure to raise them on appeal, or unless failure to consider the claim would result in a fundamental miscarriage of justice. *Bousley v. United States,* 523 U.S. 614, 622 (1998); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977); *Fountain v. United States,* 211 F.3d 429, 433 (7th Cir. 2000). Likewise, a Section 2255 motion cannot pursue non-constitutional issues that were not raised on direct appeal regardless of cause and prejudice. *Lanier v. United States,* 220 F.3d 833, 842 (7th Cir. 2000). The only way such issues could be heard in the Section 2255 context is if the alleged error of law represents "a fundamental defect which inherently results in a

complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185 (1979).

Pigee raises various claims alleging ineffective assistance of counsel. Because claims of ineffective assistance of counsel usually involve evidence outside of the trial record, such claims may be brought for the first time in a Section 2255 motion. See *Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. James*, 635 F.3d 909, 916 (7th Cir.2011). A petitioner bears a heavy burden to establish ineffective assistance of counsel. *United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995). These claims are evaluated under the two-prong *Strickland* test. *McDowell v. Kingston*, 497 F.3d 757, 761 (7th Cir. 2007)(citing *Strickland v. Washington*, 466 U.S. 688, 690, 694 (1984)).

In order to succeed on an ineffective assistance of counsel claim under *Strickland*, a petitioner must demonstrate (1) his attorney's performance "fell below an objective standard of reasonableness," and (2) that counsel's deficient performance prejudiced the petitioner in such a way that, but for counsel's errors, the result of the proceedings would have been different. *Strickland,* 466 U.S. at 695 (1984). The Court is not required to analyze both the performance and prejudice prong, because the failure to satisfy either prong is fatal to the claim. *Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993); *United States v. Slaughter*, 900 F.2d 1119, 1124 (7th Cir. 1990).

To satisfy the first prong, "the Court must determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of

professionally competent assistance." *Strickland,* 466 U.S. at 690. "The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Koons v. United States*, 639 F.3d 348, 351 (7th Cir. 2011). To satisfy the second prong, a petitioner must demonstrate to a "reasonable probability" that without the unprofessional errors, the outcome of the proceeding would have been different. *McElvaney v. Pollard,* 735 F.3d 528, 533 (7th Cir. 2013). A district court's analysis begins with a "strong presumption that the defendant's attorney rendered adequate representation of his client." *United States v. Meyer*, 234 F.3d 319, 325 (7th Cir. 2000). Thus, a petitioner must overcome a heavy burden to prove that his attorney was constitutionally deficient. *Shell v. United States*, 448 F.3d 951, 955 (7th Cir. 2006). To establish that counsel's performance was deficient, the defendant must show errors so serious that "counsel was not functioning as the 'counsel' guaranteed to the defendant by the Sixth Amendment." *Atkins v. Zenk*, 667 F.3d 939, 944 (7th Cir. 2012).

### IV. <u>Argument</u>

In the instant case, Pigee has clearly not met his burden under either prong of *Strickland.* The Court cannot say that Pigee's attorney significantly prejudiced him or that her representation fell below the objective standard of reasonableness at any stage of the representation, specifically with regard to his status as a career offender. Additionally, the Court cannot say that the errors alleged by Pigee would have changed the outcome of the proceedings. Moreover, to reiterate the laws of

this Circuit, the Court begins its analysis of an ineffective assistance of counsel claim with a "strong presumption that the defendant's attorney rendered adequate representation of his client." *Meyer*, 234 F.3d at 325.

### a. Petitioner's Attorney Was Not Ineffective for Failing to Object to the Consideration of Prior State Convictions For Purposes of Career Offender Status

Petitioner Pigee's first ground for relief is based on his assertions of ineffective performance by his attorney based on her failure to object to the application of prior state convictions in considering Pigee's career offender status. In response, the government argues that Petitioner Pigee has confused the application of 18 U.S.C. § 921 (a)(20) and U.S.S.G. §4B1.1, and in fact, the application was correct in his case and Assistant Public Defender Melissa Day's actions were sound.

Section 4B1.1 provides that "a defendant is a career offender if (1) he as at least eighteen years old at the time he committed the offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either "a crime of violence or a controlled substance offense." UNITED STATES SENTENCE COMMISSION, GUIDELINES MANUAL, § 4B1.1(a)(Nov. 2015). The Guidelines provide clear guidance that convictions which satisfy the aforementioned factors qualify as a "prior felony conviction" for purposes of determining a defendant's career offender status. *Id*. at , § 4B1.2, n. 1.

Pigee argues that he should not have been classified as a Career Offender because his civil rights had been restored with regard to the underlying state

convictions. Pigee references 18 U.S.C. § 921(a)(20) in support of his argument, but fails to recognize that the Sentencing Commission's guidelines specifically state that sentences resulting from convictions in which the defendant had his civil rights restored are to be counted. See USSG § 4A1.2, comment. (n.10) (recognizing that many jurisdictions have procedures that set aside or pardon defendants "for reasons unrelated to innocence or errors of law, e.g., in order to restore civil rights" and that "[s]entences resulting from such convictions are to be counted").

The United States Sentencing Commission has implemented its own method for counting convictions for which a defendant has been granted restoration of rights, which differs from 18 U.S.C. § 921(a)(20). Unlike the definition of "crime punishable by imprisonment for a term exceeding one year" applied in § 921(a)(20), the definitions of "prior felony conviction" and "controlled substance offense" in § 4B1.2 (Definition of Terms Used in Section 4B1.1) do not provide an exclusion for convictions for which the defendant had his civil rights restored.

Therefore, Pigee's receipt of a restoration of rights notice has no bearing on his career offender status under the Guidelines. See, e.g., *United States v. Miller*, 2010 WL 4962808, at *6 (N.D. Ill. Dec. 1, 2010) aff'd in part, vacated in part, 673 F.3d 688 (7th Cir. 2012); *United States v. Womack*, 610 F.3d 427, 430 (7th Cir. 2010). Moreover by signing his plea agreement Pigee agreed, under section twelve of the agreement, to the criminal history that included his prior state convictions.

> "Defendant and the government submit that it appears that Defendant has amassed thirteen (13) Criminal History points, and

> that, therefore, the Sentencing Guideline Criminal History Category would be a VI. In addition the government and the Defendant also agree that two of the below convictions, Aggravated Discharge of a Firearm (Case No. 05-CF-1755) and Aggravated Fleeing of Police (Case No. 02-CG-2570) qualify as crimes of violence pursuant to U.S.S.G. § 4B1.1…Therefore, the Government and Defendant agree that Defendant qualifies as a career offender with a Criminal History Category of VI."

(Crim. Doc. 26 at 5-7). The same plea agreement notes that Pigee waived his right to appeal and "is fully satisfied with the representation received from defense counsel" (*Id.* at 8). Furthermore, in Assistant Public Defender Melissa Day's sworn affidavit, she mentions that she reviewed the entirety of the file with Petitioner Pigee prior to his change of plea and plea agreement. Specifically, Day notes that "on four specific occasions, [she] and Petitioner discussed his prior convictions… [she] obtained copies of the records of prior conviction relevant to paragraphs 37. 40, and 41 of the PSR and discussed those with Petitioner. Petitioner did not inform counsel at that time that he believed his civil rights had been restored in any of his prior cases during the pendency of his case." (Doc. 13-1). Given that Petitioner did not sustain the Conviction and Sentence at issue until 2012, he plainly could have raised his "notice" of restoration of rights argument at any time before he was sentenced. Thus, the record reflects that Petitioner pled guilty knowing that his prior criminal acts could influence his sentence, specifically an enhanced base offense level and an automatic criminal history category of VI.

Accordingly, Pigee's prior convictions in Illinois count for career offender purposes. The fact that counsel did not object to the prior drug convictions when calculating career offender status does not establish ineffective assistance of

counsel under either prong of *Strickland*. See *United States v. Rezin*, 322 F.3d 443, 446 (7th Cir. 2003) ("A defendant's lawyer has no duty to make a frivolous argument.") Therefore, given the strong presumption that Pigee's attorney rendered adequate representation of her client in this case, and on the basis of the above, Pigee's first ground for relief, is denied.

### b. Petitioner's Attorney Was Not Ineffective for Failing to Object to the Consideration of His Prior Conviction for Aggravated Fleeing for Career Offender Purposes

Pigee's second ground for relief is based on his argument that aggravated fleeing is not a "crime of violence" for purposes of the career offender provisions of U.S.S.G. § 4B1.1 and his attorney improperly advised him to accept the government's plea agreement qualifying the aggravated fleeing offense as a crime of violence (Doc. 1 at 12). Ultimately Pigee argues that he would have received a much lower sentence, but for the alleged error that qualified him as a career offender. The government argues in response that Pigee's claim is completely unsupported by case law, and in fact, the law of this Circuit declares aggravated fleeing to be a crime of violence (Doc. 13 at 5).

The Seventh Circuit in *United States v. Womack*, 610 F.3d 427, 433 (7th Cir. 2010), held that, 625 ILCS 5/11-204.1 constitutes a crime of violence, and a district court is correct to consider an aggravated fleeing conviction as a § 4B1.1(a) career offender predicate conviction. See also *United States v. Welch*, 604 F.3d 408 (7th Cir. 2010). In this case, Petitioner Pigee was in fact convicted of Aggravated Fleeing pursuant to 625 ILCS 5/11-204.1(a) on September 26, 2002

(Doc. 13-2). Therefore, by applying the same interpretation as that of the Seventh Circuit, it is clear that Pigee's conviction for aggravated fleeing counts for purposes of the Guidelines' career offender "crime of violence" provision.

Because a defendant's attorney has no duty to make a frivolous argument to the Court, based on the law of this Circuit, it is clear that Pigee's second ground for relief is meritless. See *Rezin*, 322 F.3d at 446 His claims are not indicative of ineffective assistance of counsel, as Pigee presents no evidence that the outcome of the proceeding would have been different, or that he was prejudiced by the information and advice from his attorney. Accordingly, Petitioner Pigee's final ground for relief fails and his motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 (Doc. 1) is denied.

### V.     Motion for Evidentiary Hearing Denied

Petitioner has separately filed a motion for an evidentiary hearing on his § 2255 petition (Doc. 19). Having closely examined the record before it, the Court concludes that an evidentiary hearing is not needed. The grounds set forth by Pigee can be resolved on the existing record which conclusively demonstrates that he is not entitled to § 2255 relief. See Rules 4(b) and 8(a) of RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS; *Koons v. United States*, 639 F.3d 348, 355 (7th Cir. 2011) ("[C]ourts may deny an evidentiary hearing where the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." (quotation marks omitted); *Galbraith v. United States*, 313 F.3d 1001, 1009 (7th Cir. 2002) ("for a hearing

to be granted, the petition must be accompanied by a detailed and specific affidavit which shows that the petitioner [has] actual proof of the allegations going beyond mere unsupported assertions"); *Menzer v. United States*, 200 F.3d 1000, 1005 (7th Cir. 2000) (holding a hearing not required where record conclusively demonstrates that a defendant is entitled to no relief on § 2255 motion); *Oliver v. United States*, 961 F.2d 1339, 1343 n. 5 (7th Cir. 1992) (finding a court need not hold an evidentiary hearing to decide § 2255 claims that raise factual matters capable of being resolved on the existing record), *cert. denied*, 506 U.S. 976 (1992). Accordingly, petitioner's motion for an evidentiary hearing is denied (Doc. 19).

## VI. Certificate of Appealability Denied

Under the 2009 Amendments to Rule 11(a) of THE RULES GOVERNING SECTION 2255 PROCEEDINGS, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Thus, the Court must determine whether petitioner's claims warrant a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). A *habeas* petitioner does not have an absolute right to appeal a district court's denial of his *habeas* petition; he may appeal only those issues for which a certificate of appealability has been granted. *See Sandoval v. United States,* 574 F.3d 847, 852 (7th Cir. 2009).

For a court to issue a certificate of appealability, a petitioner must make a "substantial showing of the denial of a constitutional right," meaning, "reasonable jurists could debate whether (or, for that matter, agree that) the petition should

have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)); 28 U.S.C. § 2253(c)(2).

As to petitioner's claims, the Court finds that reasonable jurists would not debate that the petition does not present a valid claim of the denial of a constitutional right, as petitioner's claims of ineffective assistance of counsel do not present evidence of constitutionally deficient attorney performance; nor do they demonstrate resulting prejudice. Further, the Court finds that reasonable jurists could not differ on these conclusions. Therefore, the Court declines to certify any issues for review pursuant to 28 U.S.C. § 2253(c).

### VII. Conclusion

For the reasons as discussed herein, Pigee's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence is **DENIED** (Doc. 1) and Pigee's claims are **DISMISSED with prejudice**. Also, Pigee's motion for hearing is **DENIED** (Doc. 19). The Court **ORDERS** the Clerk of the Court to enter judgment accordingly. Further, the Court **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed this 26th day of January, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.01.26 06:44:17 -06'00'

United States District Judge